UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VILIA POLYCARPE,

    Plaintiff,

v.                                           Case No:   6:16-cv-1606-Orl-37TBS

SETERUS, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion to Compel and Request for Attorney's Fees and Costs (Doc. 37). Defendant has filed a response in opposition to the motion (Doc. 38).

Plaintiff owns a home, encumbered by a mortgage, which is serviced by Defendant, on behalf of the Federal National Mortgage Association (Doc. 1, ¶¶ 30-34). Plaintiff complains that while servicing the mortgage, Defendant violated the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. § 559.55 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Id.). Defendant denies liability (Doc. 8). Plaintiff brings this motion because she is dissatisfied with Defendant's responses to certain interrogatories and requests for production.

As an initial matter, Local Rule 3.01(g) requires the moving party, before filing most motions, including a motion to compel, to confer with the opponent in a good faith attempt to resolve the issue. Movant's counsel must include a certification in the motion that he has complied with this requirement and shall also notify the Court whether

the parties agree on the relief requested. Counsel for Plaintiff has certified that he complied with Rule 3.01(g) (Doc. 37 at 12), and counsel for Defendant points to an email as proof that, with respect to interrogatory number ten, this is not true (Doc. 38-1). The Court does not have enough information to resolve this dispute and is not inclined to investigate the matter further. It will be less time consuming and less costly to the parties if the Court proceeds to rule on the merits of Defendant's objections to interrogatory number ten.

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." U.S. v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at * 1 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. S.L. Sakansky & Assoc., Inc. v. Allied Am. Adjusting Co. of Florida, LLC, No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, at *1 (M.D. Fla. Jul. 6, 2007).

"The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). Since the Federal Rules of Civil Procedure were amended effective December 1, 2015, Rule 34 has required a party objecting to requests for production to:

(1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." These rules leave no place for so-called "General Objections" to interrogatories and requests for production except in those rare cases where the same objection specifically applies to every interrogatory or request. As the court observed in Liguria Foods, Inc. v. Griffith Laboratories, Inc., No. C 14-3041-MWB, 2017 U.S. Dist. LEXIS 35370, at *32 (N.D. Iowa Mar. 13, 2017), "'[t]he key requirement in both Rules 33 and 34 is that objections require 'specificity.'" So-called "'generalized objections are inadequate and tantamount to not making any objection at all.'" Id. at *36 (quoting Jarvey, Boilerplate Discovery Objections, 61 Drake L. Rev. 913, 916 (2013)). General objections fall into the category of one size fits all, boilerplate objections.

> The problems with using boilerplate objections, however, run deeper than their form or phrasing. Their use obstructs the discovery process, violates numerous rules of civil procedure and ethics, and imposes costs on litigants that frustrate the timely and just resolution of cases.

Id.

"Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit …." Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)). Courts routinely reject boilerplate objections. See Gonzalez v. ETourand Travel, Inc., No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034, at *4 (M.D. Fla. Mar. 26, 2014); Chambers v. Sygma Network, Inc., No. 6:12-cv-1802-Orl-37TBS, 2013 WL 1775046, at *3 (M.D. Fla. Apr.25, 2013); Mendez v. Land Investors, Corp., No, 2:12-cv-

158-FtM-29S PC, 2012 WL 6012906, at *1 (M.D. Fla. Dec.3, 2012); Arthrex, Inc. v. Parcus Med., LLC, No. 2:11-cv-694-FtM-29SPC, 2012 WL 5382050, at *3 (M.D. Fla. Nov.1, 2012); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005); FDIC v. Brudnicki, No. 5:12-cv-00398-RS-GRJ, 291 F.R.D. 669, 674 n. 4 (N.D. Fla. June 14, 2013); Ochoa v. Empresas ICA, S.A.B., No. 11-23898-CIV, 2012 WL 3260324, at *2 (S.D. Fla. Aug.8, 2012); Robinson v. City of Arkansas City, Kan., No. 10-1431-JAR-GLR, 2012 WL 603576, at *6 (D. Kan. Feb.24, 2012); Williams v. Taser Intern., Inc., No. 1:06-CV-0051-RWS, 2007 WL 1630875, at *3 n. 3 (N.D. Ga. June 4, 2007); Russell v. Daiichi-Sankyo, Inc., No. CV 11-34-BLG-CSO, 2012 WL 1161435, at *1-2 (D. Mont. April. 6, 2012).

Disappointingly, attorneys who are supposed to know better continue to preface their discovery responses with boilerplate, general objections. Defendant's counsel falls into this category. Defendant's discovery responses begin with six nonspecific "General Objections" which serve no purpose other than to waste the reader's time. Now, all of Defendant's "General Objections" are overruled.

The following interrogatories and requests for production are the subject of this motion:

> Interrogatory No. 1:
>
> State the full name, present address, employer, title and occupation of all persons providing information and documents responsive to the Plaintiff's discovery requests herein.
>
> Answer:
>
> OBJECTION: Vague and ambiguous as to "providing," and otherwise. Subject to and without waiving its objections, and attempting to respond, Seterus identifies multiple individuals at Seterus who may be contacted only through counsel, and Seterus's undersigned counsel.

- 4 -

Interrogatory No. 9:

For the five years prior to the date the Complaint was filed through the present, identify, by case name, court number and court, all civil, criminal or administrative matters in which you have been a party, that alleges Seterus violated the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, or state debt collection laws.

Answer:

OBJECTION: Vague and ambiguous as to "violated," and otherwise; over broad and unduly burdensome; not "relevant" within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of the case; beyond the scope of the allegations and relevant time period contained in Plaintiff's Complaint; seeks information equally available to Plaintiff without justifying the burden and expense of Seterus producing same.

Interrogatory No. 10:

Relating to any bona-fide error defense in your Affirmative Defenses, identify and describe all of the policies and procedures that you have in place and how you implemented those policies and procedures relating to Plaintiff.

Answer:

OBJECTION: Vague and ambiguous as to "describe," "in place," "implemented," "how you implemented," "relating to the Plaintiff," and otherwise; improperly seeks information subject to privilege or otherwise exempt from disclosure, including attorney-client privileged communications, trade secrets, and/or information protected by the work product doctrine. Subject to and without waiving its requests, Seterus refers pursuant to Federal Rule of Civil Procedure 33(d) to the copies of its policies and procedures to be produced subject to an appropriate protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(G).

Interrogatory No. 11:

List and explain all abbreviations and codes, letters, numerals, or symbols you use in your records relating to Plaintiff.

Answer:

OBJECTION: Vague and ambiguous as to "list," "explain," "codes," "records," and otherwise; overly broad and unduly burdensome; and not proportional to the needs of the case. Subject to and without waiving its objections, and attempting to respond, Seterus refers to the documents produced in discovery in this matter, including without limitation copies of the servicing notes for the Subject Loan (Seterus/Polycarpe 000171 through 000190), and payment history for the Subject Loan (Seterus/Polycarpe 000192 through 000726).

Request for Production No. 3:

Produce any agreement with a third-party relating to the property inspections charged to Plaintiff.

Response:

OBJECTION: Vague and ambiguous as to "agreement," "property inspections," "charged," and otherwise; overly broad and unduly burdensome; not "relevant" within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of the case; Plaintiff has no privity of contract as to the requested agreement(s), information, and/or disclosure(s).

Request for Production No. 11:

Produce all documents you sent to Fannie Mae relating to Plaintiff.

Response:

OBJECTION: Vague and ambiguous as to "sent to," and otherwise; overly broad and unduly burdensome; not "relevant" within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of the case; improperly seeks information and/or documents subject to privilege or otherwise exempt from discovery, including attorney-client privileged communications and information subject to the work-product doctrine.

Defendant's objections are, for the most part, boilerplate. This is apparent from the phrasing of the objections and the use of terms including "relevant," "proportional,"

"attorney-client privileged," "trade secrets," and "work product," with little or no elaboration. These boilerplate objections are overruled.

Defendant asserts that certain words used by Plaintiff in her discovery requests are vague and ambiguous. The Court disagrees. The words in question are not uncommon, unfamiliar, unexpected, or atypical, and Plaintiff has not used them in an abnormal or unconventional way. To the contrary, they are ordinary words used in the manner in which they are commonly understood. Defendant's objections based upon Plaintiff's failure to define these words appears to be nothing more than a disingenuous attempt to game the discovery. All of Defendant's objections that the words used by Plaintiff are vague and ambiguous are overruled.

Defendant objects that some of Plaintiff's discovery is not relevant or proportional to the needs of the case. Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the court is guided by the non-exclusive list of factors in Rule 26(b)(1). Graham & Co., LLC v. Liberty Mut. Fire Ins. Co., No. 2:14-cv-2148-JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." Id. (quoting Witt v. GC Servs. Ltd. P'ship, 307 F.R.D. 554, 569 (D. Colo. 2014)). To the extent that Defendant's objections based on proportionality are not explained with specificity, they are overruled. Defendant's remaining proportionality objections are addressed below.

Defendant objects to some of Plaintiff's discovery on the basis of relevancy. In discovery, "requiring relevance to a claim or defense 'signals to the court that it has the

authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" Builders Flooring Connection, LLC v. Brown Chambless Architects, No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26). "As the Advisory Committee Notes say, '[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.'" Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 355 (11th Cir. 2012) (quoting the GAP Report). Defendant's objections based on relevancy, to the extent they are not explained with specificity, are overruled.

Some of Defendant's responses include the phrase "[s]ubject to and without waiving its objections, and attempting to respond." Responding to discovery "subject to," or "notwithstanding" objections "preserves nothing and wastes the time and resources of the parties and the court." Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-CV-749-ORL-41, at *4 (M.D. Fla. Mar. 31, 2015) (quoting Martin v. Zale Del., Inc., No. 8:08-cv-47-T-27EAJ, 2008 WL 5255555, *2 (M.D. Fla. Dec. 15, 2008)); Creative Touch Interiors, Inc. v. Nicholson, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015); Chambers v. Sygma Network, Inc., No. 6:12-cv-1802-Orl-37TBS, 2013 WL 1775046, at *3 (M.D. Fla. Apr. 25, 2013); Pepperwood of Naples Condo. Ass'n., Inc. v. Nationwide Mut. Fire Ins. Co., No. 2:10-cv-753-FtM-36SPC, 2011 WL 3841557, at *2 (M.D. Fla. Aug. 29, 2011); Hendricks v. Mirabilis Ventures, Inc., No. 8:07-cv-661-T-17EAJ, 2008 WL 423566, at *1 (M.D. Fla. Feb. 13, 2008); Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D. Fla. 2008); Howard v. Sweetheart Cup Co., No. 00 C 648, 2001 WL 721765, at *3 (N.D. Ill. June 27, 2001).

In its objections to Plaintiff's requests for production, Defendant references a privilege log, but otherwise fails to "state whether any responsive materials [were] withheld on the basis of [the objections]," as required by Fed. R. Civ. P. 34(b)(2)(C) (Doc. 38). Defendant's objections to the requests for production are overruled on this basis.

Request for production number three asks Defendant to produce all agreements it has with any third parties to inspect the mortgaged property. The Court has already overruled all of Defendant's objections to this request except Defendant's assertion that Plaintiff is not in privity of contract with the third parties. Defendant fails to explain why the lack of privity is a valid objection. Plaintiff complains that Defendant charged her illegal property inspection fees (Doc. 2, ¶¶ 67-74). This makes the agreement(s) Defendant has entered into to perform the property inspections relevant. The agreements may, for example, show whether Defendant has, or has not, marked up the cost of the inspections charged to Plaintiff. Defendant shall produce the requested agreements to Plaintiff within ten days from the rendition of this Order.

Request for production number eleven seeks all documents Defendant sent to the Federal National Mortgage Association that relate to Plaintiff. The Court has already overruled all of Defendant's objections to this request with the exception of Defendant's claims of attorney-client and work product privilege. The Court will resolve these objections after reviewing the documents over which Defendant has asserted privilege.

Defendant failed to answer interrogatory number one. In its memorandum in opposition to the motion to compel, Defendant contends that it answered this interrogatory because one of its Legal Mediation Officers, who it has identified as it's Fed. R. Civ. P. 30(b)(6) witness, signed the answers (Doc. 38 at 4). This is not what the

interrogatory seeks. Now, Defendant has ten days from the rendition of this Order to answer in full, under oath, interrogatory number one.

Interrogatory number nine asks Defendant to identify, for a lengthy period of time, all matters in which it has been accused of violating the FDCPA, RESPA, or state debt collection laws. Plaintiff argues that this information is necessary to show Defendant had actual knowledge that its practices violated the FCCPA, to determine the amount of Plaintiff's damages under the FCCPA and to show a pattern and practice under RESPA (Doc. 37 at 7-8). As Defendant notes in its memorandum, the Court sustained objections to a similar interrogatory in <u>Barnello v. Bayview Loan Servicing, LLC</u>, No. 6:14-cv-1383-Orl-41TBS, 2015 U.S. Dist. LEXIS 136831, at *30-31 (M.D. Fla. Sept. 2, 2015). But, Defendant did not cite <u>Barnello</u> or rely upon the reasoning in that case in its objections.

The first of Defendant's remaining objections to interrogatory number nine is that Plaintiff seeks information outside the relevant time period alleged in her complaint. Plaintiff avers that from about July, 2009 through December, 2014, her mortgage was serviced by Chase Home Finance LLC (Doc. 2, ¶¶ 31-33). She alleges that Defendant began servicing the mortgage in or about December 2014 (<u>Id.</u>, ¶¶ 33-34). Based upon these claims, the relevant time period begins a reasonable length of time prior to Defendant beginning to service the mortgage since it would be during this period that other lawsuits may have first placed Defendant on notice of problems with its policies and procedures. Plaintiff has not explained why the relevant time frame should continue to the present. In the absence of such an explanation, the Court finds that a reasonable length of time after suit was filed should cap the period for this disclosure. Now, the Court finds that the period from December 1, 2012 to December 31, 2015 is the appropriate time

frame. Defendant's objection based upon proportionality is sustained to the extent Plaintiff seeks information outside this time frame.

Defendant's other remaining objection to interrogatory number nine is that the information requested is equally available to both parties. The Court is not persuaded that is true. Logic suggests that Defendant has copies of the complaints and amended complaints filed against it, and that the effort and expense for Defendant to produce this information will be less than Plaintiff will incur to search every jurisdiction in which Defendant has done business and purchase copies of pleadings from clerks.

Plaintiff represents, without any evidentiary support, that Defendant maintains a database of all lawsuits filed against it (Doc. 37 at 7). According to Plaintiff, this database includes copies of all of the complaints and amended complaints filed in every case (Id.). Plaintiff claims this information should be searchable using optical character recognition hardware and software (Id.). Defendant denies maintaining the database described by Plaintiff and states that it would have to manually analyze every complaint filed against it to determine which allege violations of the FCCPA. FDCPA or RESPA (Doc. 38 at 6). To alleviate this concern, Plaintiff has offered to accept, in answer to this interrogatory, copies of all complaints, without regard to the causes of action alleged (Doc. 37 at 7). Plaintiff will then search the complaints for the information she seeks (Id.). This procedure should substantially reduce the burden on Defendant to answer interrogatory number nine. Now, Defendant's objection that the information is equally available to the parties' is overruled.

In answer to interrogatory number nine, Defendant shall produce to Plaintiff, within ten days from the rendition of this Order, copies of all of the complaints and amended

complaints filed against it, in any jurisdiction, from December 1, 2012 to December 31, 2015.

Interrogatory number ten asks Defendant to identify and describe all of its policies and procedures related to its affirmative defense of bona-fide error, and to explain how those policies and procedures were implemented with respect to Plaintiff. The only objections to this interrogatory which the Court has not already overruled are based on privilege and the need for a protective order. Defendant has produced a privilege log (Doc. 37-1), which Plaintiff deems insufficient (Doc. 37 at 4-5). Defendant has offered to submit the documents it says are privileged to the Court for *in camera* inspection (Doc. 38 at 3). The Court accepts Defendant's offer. Within ten days from the rendition of this Order, Defendant shall submit the documents to the Court for *in camera* review.

Concerning the entry of a protective order, the parties are referred to the Case Management and Scheduling Order (Doc. 18) which provides:

> **H.     Confidential Information** – Stipulated motions for entry of a protective order are discouraged and unnecessary because the Court will enforce a written agreement to protect the confidentiality of information produced during discovery– including by designating such information as "confidential"–so long as such agreement: **(1)** includes the following statement: "No party shall file a document under seal unless the Court previously granted a motion to file under seal which was submitted to the Court in compliance with Local Rule 1.09."; and **(2)** is signed by the necessary parties and attorneys.

(Id., at 5). Before seeking a protective order, the parties should attempt, in good faith, to enter into a private confidentiality agreement.

Interrogatory number eleven asks Defendant to define the abbreviations and codes used in its records concerning Plaintiff. The Court has already overruled all of Defendant's objections to this interrogatory. Defendant's remaining response is to

- 12 -

reference the documents it has already produced. Unless one of those records contains the definitions requested by Plaintiff, Defendant has not answered the interrogatory. Even if the definitions are included in the documents already produced, Defendant has not complied with Rule 33(d) because it has not shown that "the answer to [the] interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing [Defendant's] business records (including electronically stored information)," or that "the burden of deriving or ascertaining the answer will be substantially the same for either party." FED. R. CIV. P. 33(d). When these conditions are met,

> [T]he responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; **and**
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Id. at (d)(1)-(2) (emphasis added). Plaintiff's response does not comply with Rule 33(d)(1). To simplify the process, Plaintiff has ten days from the rendition of this Order to furnish Defendant a list of the abbreviations it needs defined and then Defendant shall have ten days to provide the definitions.

If a motion to compel is granted, the Court typically awards the prevailing party its reasonable legal expenses, including attorney's fees, incurred in connection with the motion. FED. R. CIV. P. 37(a)(5). Ordinarily, the Court would now award Plaintiff her reasonable attorney's fees. But, Defendant has filed its own motion to compel (Doc. 47), which is not yet fully briefed. The Court will carry Plaintiff's request for fees so that it can deal with all attorney's fee issues at one time.

**DONE** and **ORDERED** in Orlando, Florida on May 23, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record